IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Jointly Administered Under |
| NIGHTHAWK TRANSPORT LL.P. | § | Case No. 09-34992 |
| | § | |
| Consolidated Debtors. | § | (Chapter 7) |

**HOWARDS' RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY:ALTERNATIVE OFFER OF ADEQUATE PROTECTON; AND  REQUEST TO CONTINUE AUGUST 7 HEARING TO ALLOW  FOR DISCOVERY & TRUSTEE TO MAKE AN EQUITY ASSESSMENT [RE #22]**

TO THE HONORABLE UNITED STATES BANKRUTPCY JUDGE:

COME NOW, Henry Howard, Robert Howard, Deborah Patrick, and Howard Family Management Services, LLC fka CT Invesco, LLC, (hereinafter "Howards"), by their attorney, and respectfully respond in opposition to Bank of America's ("BOA") Motion for Relief from Stay against personal property (#22) as follows.

**No Cause to lift Stay As To the property Related to Four CT SWD/Shaw Operating Saltwater Disposal Wells**

1. The Howards have submitted two separate immediate cash offers to the Chapter 7 Trustee in connection with the following 4 salt water disposal wells: CT SWD Well #1; CT SWD Well #2; CT SWD Well #3; CT Shaw SWD.

    (i) $200,000.00 for any and all property interest which CTI Disposal Limited owns in four operating salt water disposal wells. BOA does not claim a lien in any interest CTI Disposal may have in these four saltwater disposal wells;

    (ii) $1,800,000 for pumps, wellheads, motors and all related surface equipment; related business names; and all transferrable permits, licenses and contracts pertaining to the operation of the wells. It is unclear whether BOA claims a lien in any

1

of this property. The BOA note is with Nighthawk Transport. It is unclear which Debtor purchased and owned the personal property related to these four wells itemized in Howard Exhibit B, although Howard believes they were owned by CTI Disposal, Ltd.

The offers are attached hereto and incorporated herein as "Howard Exhibit 1" and Howard Exhibit 2

2. Any interest that the estate may have in these wells is dependent upon and increased by the wellhead equipment attached thereto and necessary for the operation of the wells. Removing the wellhead equipment reduces the value of these four saltwater disposal wells, thereby reducing the value to the Chapter 7 Estate.

Neither Howard nor their attorneys have seen BOA's notes or security instruments. To the extent BOA cannot prove that the equipment related to these 4 four wells was owned by Nighthawk Transport or that the note and security instruments do not extend to CTI Disposal or to debtors other than Nighthawk Oilfield Services, then the stay cannot be lifted as to the equipment and other property listed in Howard Exhibit 2.

3. Two of these saltwater disposal wells are being operated in connection with Duke Energy's and Anadarko's Gas Processing plants. Further time is necessary to analyze and determine if removal of the wellhead equipment would cause a breach of contract with Duke Energy and/or Anadarko, and whether this would create a significant post-petition liability for the Chapter 7 Estate.

4. Removing the wellhead equipment will require the wells to be shut down. Further time is necessary to determine the magnitude of the costs resulting from the Railroad Commission's likely requirements of closure, plugging, and clean up of these well sites.This likely would create post petition liability for the Chapter 7 Estate.

5. The Howards have been paying the labor costs (including insurance) to maintain the operations of 2 of these 4 saltwater disposal wells, pending rulings from this court which affect these 4 wells.

6. It is significant that none of BOA's allegations in its motion relate to the equipment currently used in connection with the operation of these 4 saltwater disposal wells: CT SWD Well #1; CT SWD Well #2; CT SWD Well #3; CT Shaw SWD. Any cause under 362(b)(1) this Court may find with respect to the equipment and other property related to these four wells is counter-balanced by the potential liability to the estate caused by allowing BOA to remove the property on these four operating wells..

7. The property subject to BOA's Motion for Relief from Stay has not been exempted. BOA has not alleged that the Chapter 7 Trustee does not have equity in the property subject to this Motion for Relief from Stay. BOA pleads that other potential purchasers have made offers to the Chapter 7 Trustee for other property which BOA claims as its collateral.

8. Regarding Paragraphs 2-27 of the Motion for Relief from Stay, Howard denies that any of these allegations apply to the four operating saltwater disposal wells and related equipment (CT SWD Well #1; CT SWD Well #2; CT SWD Well #3; CT Shaw SWD), and denies that cash purchase offers for the equipment would not constitute adequate protection.

### Alternative Offer of Adequate Protection

9. Howard is just looking for whom to pay. This Court can order that the $1.8 million cash purchase price offered by the Howards for the equipment related to the operation of the 4 saltwater disposal wells (CT SWD Well #1; CT SWD Well #2; CT SWD Well #3; CT Shaw SWD) be held in trust by the Chapter 7 Trustee after the sale pending an analysis by the

Chapter 7 Trustee and order by this Court as to whether the Estate has any equity in this property itemized in Howard Exhibit 2..

### **Request for Continuation of the August 7, 2009 Hearing**

10. The Debtors filed Bankruptcy July 10, 2009. BOA filed its 362 motion July 20. 2009. The first hearing on this motion is set for August 7, 2009. Eighteen days is insufficient to access all potential liability of all parties and to assess whether the Chapter 7 Trustee has equity in the collateral.

11. Treating the August 7 hearing as a preliminary hearing and setting a continued final hearing would not prejudice BOA.

WHEREFORE PREMISES CONSIDERED Henry Howard, Robert Howard, Deborah Patrick, and Howard Family Management Services, LLC respectfully pray that this Court:

(i) Continue the August 7 hearing, and after completion of the hearing;

(ii) Deny the Motion for Relief from Stay filed by Bank of America, in full or at least in connection with the property related to the four CT SWD salt water disposal wells; and

4

(iii) Grant the Howards such relief in equity and at law to which they may show themselves justly entitled.

>Respectfully submitted,
>
>/s/ H. Gray Burks IV
>**H. Gray Burks IV**
>State Bar No. 03418320
>Law Office of H. Gray Burks IV
>PO Box 19135, Houston, Tx. 77224
>713-542-6077 (phone)
>713-465-1097(fax)
>hgburksiv@gmail.com
>
>Attorney for Henry Howard, Robert Howard, Debra Patrick and Howard Family Management Services, LLC

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was served on July 30, 2009 by email as follows, and was additionally served on or about July 30, 2009 to all parties who have requested electronic notice or filed pleadings in this case electronically.

Marc Schneider
marcs@ws-law.com

Arthur Stewart
aastewart@akingump.com

Randy W. Willliams
randy.williams@tklaw.com

Allison Davison Byman
allison.byman@tklaw.com

Christine A. March
christine.a.march@usdoj.gov

5

John Frazier, Esq.
jfrazier@wwmlaw.com
**Louisiana for the Howards**

                                                      <u>/s/ H. Gray Burks IV</u>
                                                      H. Gray Burks IV