IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NIGHTHAWK OILFIELD | § | CASE NO. 09-34992-H1-7 |
| SERVICES, LTD. et al., | § | (Chapter 7) |
| | § | (Jointly Administered) |
| Debtor. | § | |

**OBJECTION TO MOTION FOR RELIEF
FROM AUTOMATIC STAY FILED BY BANK OF AMERICA, N.A.,
AS SUCCESSOR BY MERGER TO LASALLE BUSINESS CREDIT, LLC**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

Robbye Waldron, chapter 7 trustee (the "Trustee") for each of the estates being jointly administered hereunder, files this objection to the motion for relief from the automatic stay filed by Bank of America, N.A., as successor by merger to LaSalle Business Credit, LLC ("BOA").

**Nature of the Trustee's Objection**

1. BOA seeks a modification of the automatic stay to proceed with the liquidation of its purported collateral. Based on the available evidence, the Trustee disputes the existence of a non-avoidable, perfected lien in each of the debtors' assets. The Trustee intends to file an adversary in accordance with Bankruptcy Rule 7001 to resolve these issues.

**Relevant Background and Argument**

2. The debtors each filed chapter 7 cases on July 10, 2009. The Trustee is the duly appointed chapter 7 trustee in each case.

3. BOA asserts a first lien in all of the debtors' assets pursuant to (i) a loan made to Nighthawk Transport I, LP in May, 2007; and (ii) secured guaranties issued by each of the other debtors. BOA asserts that its total debt is approximately $49 million.

4. On July 20, 2007, BOA filed its motion to modify the automatic stay. In its motion, BOA alleges that it is a secured creditor with a perfected first lien. BOA seeks to foreclose its liens in all of the debtors' property. It is undisputed that the current value of all of the debtors' assets exceeds BOA's asserted indebtedness.

5. The Trustee has conducted a preliminary analysis of BOA's loan documents. The Trustee believes that the "secured guaranties" are available under Texas law. In addition, there appear to be inconsistencies in the financing statements filed with the Secretary of State. The Trustee has not determined whether the inconsistencies are fatal.

6. An agreement already exists that allows BOA to collect the debtors' accounts receivable and equipment.

7. The Trustee is still investigating the debtors' financial affairs. The Trustee is also receiving offers for the debtors' assets as going concerns. Subordinate creditors should not be harmed by BOA's desire to drive the process while these issues are addressed. The Trustee intends to initiate an adversary proceeding in prompt fashion.

Accordingly, the Trustee requests that this Court deny BOA's motion and grant such other and further relief as is just.

**Dated: August 1, 2009.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

By: _____
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6653
(713) 226-6253 (fax)
**Special Counsel for the Trustee**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading was served by United States first class mail to Arthur Stewart, Akin Gump Strauss Hauer & Feld, LLP., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201 on the 3rd day of August, 2009.

_____
David R. Jones

### Statement of Current Discussions

My name is David R. Jones. I am an attorney with Porter & Hedges, L.L.P. I am over twenty-one (21) years of age, have never been convicted of a felony, and am fully competent to testify to, and have personal knowledge of, the matters stated herein.

Counsel for BOA and the Trustee have had multiple discussions on how to proceed in this case, Mr. Stewart and Mr. Schneider are continuing to discuss potential resolutions. Those discussions will continue. At present, however, the parties are unable to reach a resolution. Inasmuch as no agreement exists, a determination by the Court is required.

_____
David R. Jones